# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-07-00678-CR

**Mohamed Moustafa Brahim, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
### NO. C1CR06723749, HONORABLE ELISABETH ASHLEA EARLE, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

After a jury found appellant Mohamed Moustafa Brahim guilty of driving while intoxicated, the trial court assessed his punishment at 120 days in jail and a $2,000 fine, suspended imposition of sentence, and placed him on community supervision for two years. *See* Tex. Penal Code Ann. § 49.04 (West 2003). In his only point of error, appellant contends the admission of certain testimony was fundamental error. We overrule this contention and affirm the conviction.

Austin Police Officer Patrick Oborski stopped the car appellant was driving after he and another officer observed several traffic violations. Oborski arrested appellant for driving while intoxicated after appellant displayed signs of intoxication and failed the field sobriety tests. The sufficiency of the evidence is not in dispute.

During the course of his testimony, Oborski mentioned that "research" had been done on the field sobriety tests, described the tests as "standardized," and referred to the results of the tests

as "clues." Appellant argues that by using those terms, Oborski "clearly suggested that the walk-and-turn test and the one-leg stand test were scientifically validated, a proposition that no Texas court has agreed to." He urges that the officer attempted to convey an unqualified expert opinion that the tests had scientific validity in violation of rule 702. Tex. R. Evid. 702. Appellant concedes that the alleged error was not preserved at trial. He urges, however, that the admission of the testimony was fundamental error under rule 103(d). Tex. R. Evid. 103(d).

Rule 103(d) states that "[i]n criminal cases, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court." The rule permits appellate courts to consider unpreserved, fundamental evidentiary errors. An error is fundamental, that is, it may be raised for the first time on appeal, if the error violates a right that is waivable only or violates an absolute systemic requirement. *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993).

Appellant refers us to no authority holding that the right to exclude unqualified expert opinion testimony under rule 702 is either a waivable only right or an absolute systemic requirement. In *Smith v. State*, cited by appellant, the court held that "a trial court commits error when it allows an expert on administering the [field sobriety] tests, *over objection*, to correlate a suspect's performance on either the walk-and-turn test or the one-leg stand test to a [blood alcohol concentration]. 65 S.W.3d 332, 348 (Tex. App.—Waco 2001, no pet.) (emphasis added). *Smith* is distinguishable because appellant did not object to the testimony he complains of, and because Oborski did not correlate appellant's performance on the field sobriety tests to a specific blood alcohol concentration.

Appellant also cites *McRae v. State*, 152 S.W.3d 739, 746-47 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). In *McRae*, the court held that a police officer's testimony regarding a suspect's performance on the one-leg stand test was properly admitted as lay opinion under rule 701. *Id.* at 746. The court further held, contrary to appellant's contention, that the officer's use of terms such as "clues" and "test" when discussing the suspect's performance did not violate rule 702. *Id.* *McRae* does not mention whether the asserted errors were preserved by objection, but there is nothing in the opinion to suggest that the court considered the issues to be fundamental.

The court of criminal appeals has "consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence." *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) (footnote omitted). We hold that the asserted violation of rule 702, if error, was not fundamental error, and appellant's failure to object forfeited his right to assert the error on appeal.

The point of error is overruled, and the judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed

Filed: August 20, 2008

Do Not Publish